```
                   IN THE UNITED STATES DISTRICT COURT FOR THE
                          WESTERN DISTRICT OF MISSOURI
                              SOUTHERN DIVISION

UNITED STATES OF AMERICA,      ) Case No. 16-03077-01-CR-S-BCW
                               )
          Plaintiff,           ) Springfield, Missouri
                               ) January 9, 2017
v.                             )
                               )
LAURA BROWN,                   )
                               )
          Defendant.           )
_____)

              TRANSCRIPT OF HEARING ON CHANGE OF PLEA
                BEFORE THE HONORABLE DAVID P. RUSH
                   UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Ms. Josephine M. Larison |
| | Assistant United States Attorney |
| | 901 St. Louis St., Ste. 500 |
| | Springfield, MO  65806 |
| | (417) 831-4406 |
| For the Defendant: | Mr. James R. Hayes |
| | 214 W. Phelps St., Ste. 102 |
| | Springfield, MO  65806 |
| | (417) 720-1000 |
| Court Audio Operator: | Mr. C. Steve Burch |
| Transcribed by: | Rapid Transcript |
| | Lissa C. Whittaker |
| | 1001 West 65th Street |
| | Kansas City, MO  64113 |
| | (816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Court in Session at 10:38 a.m.)

THE COURT: Calling in *United States vs. Laura Brown*. The defendant appears in person along with her attorney, Mr. Jim Hayes. And the United States appears by Assistant United States Attorney, Ms. Jody Larison -- or Special Assistant United States Attorney. This matter is set this morning for a change of plea to Count One of the Superseding Indictment that was returned against this defendant on November 1st -- (clearing throat) excuse me -- 2016, pursuant to a written Plea Agreement. Ms. Brown, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the United States establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify, that would not be held against you as that is your right. If, after understanding the charges

against you, the range of punishment, if convicted, and your right to appear before a District Judge, if you wish, you may waive or give up that right and proceed this morning before the Magistrate Judge. As I indicated, that you and your attorney and the attorney for the United States have signed such a consent. Do you understand that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

MS. BROWN: Yes.

THE COURT: And is it your desire to give up that right and proceed this morning before the Magistrate Judge?

MS. BROWN: Yes.

THE COURT: Ms. Brown, do you understand the charge against you in Count One of the Superseding Indictment in this case?

MS. BROWN: Yes.

THE COURT: Do you understand that if convicted of the charge in Count One, that the minimum penalty the court may impose is not less than five years imprisonment, while the maximum penalty the court may impose is not more than 40 imprisonment, a $5 million fine, not less than four years supervised release, and a $100 mandatory special assessment?

MS. BROWN: Yes.

THE COURT: And you'll have to speak up, please.

MS. BROWN: Yes.

4

1         THE COURT: To the charge in Count One of the
2 Superseding Indictment, how do you wish to plead, guilty or not
3 guilty?
4         (Off Record Attorney-Client Discussion)
5         MS. BROWN: Guilty.
6         (Off Record Attorney-Client Discussion)
7         MR. HAYES: Your Honor, I apologize. If I could have a
8 moment?
9         THE COURT: Certainly, we'll go off the record.
10         (Off Record Attorney-Client Discussion)
11         THE COURT: And, Ms. Brown, I had just finished asking
12 you some questions about whether you understood the range of
13 punishment in this case. And I think the reason we went off the
14 record was just because there's a little bit of either hesitation
15 or confusion and I know your attorney asked to go off the record
16 to discuss with you. But the question I have for you is to the
17 charge in Count One of the Superseding Indictment, how do you
18 wish to plead, guilty or not guilty?
19         MS. BROWN: Guilty.
20         THE COURT: Would you please raise your right hand?
21         LAURA BROWN, DEFENDANT, SWORN
22         THE COURT: Has anyone made any threat of any kind to
23 force you to plead guilty or to give up any of the other rights
24 we've discussed this morning?
25         MS. BROWN: No.

1 THE COURT: Now, you have signed a Plea Agreement and is
2 there a supplement to that agreement also that she's signed?
3 MS. LARISON: Yes, Your Honor.
4 THE COURT: All right. Ms. Brown, you've signed both
5 the Plea Agreement and a supplement to that agreement. Have you
6 read both of those agreements and gone over them with your
7 attorney?
8 MS. BROWN: Yes.
9 THE COURT: Do you understand what's contained in both
10 the Plea Agreement and the supplement to the Plea Agreement?
11 MS. BROWN: Yes.
12 THE COURT: Other than what is contained in those two
13 agreements, has anyone made any promise of any kind to force you
14 or to induce you or overcome your will to get you to plead guilty
15 or give up any of the other rights we've discussed?
16 MS. BROWN: No.
17 THE COURT: Now, I mentioned to you that there was a
18 supervised release term of not less than four years that could be
19 imposed in your case. Do you understand that if that term were
20 imposed and then revoked for any reason, that you could be
21 required to serve an additional term of imprisonment of not more
22 than three years, and if that happened, you would receive no
23 credit for any other time you had spent either in custody or on
24 release?
25 MS. BROWN: Yes.

1    THE COURT: Do you understand that the Court could then
2 impose an additional term of supervised release, which is
3 governed by the maximum of the statute, minus any time you'd
4 spent in custody as a result of a violation?
5    MS. BROWN: Yes.
6    THE COURT: Do you understand that from a sentence
7 imposed in your case that there is no parole?
8    MS. BROWN: Yes.
9    THE COURT: Do you understand that there are Sentencing
10 Guidelines to which the District Court would refer to in an
11 advisory capacity when attempting to fashion a reasonable
12 sentence in your case?
13    MS. BROWN: Yes.
14    THE COURT: There are guideline calculations in your
15 Plea Agreement. Have you discussed the guidelines with your
16 attorney?
17    MS. BROWN: Yes.
18    THE COURT: And do you understand them?
19    MS. BROWN: Yes.
20    THE COURT: Do you understand that the final decision as
21 to how the guidelines are calculated and ultimately what sentence
22 will be imposed rests with the District Judge?
23    MS. BROWN: Yes.
24    THE COURT: If the District Judge would calculate the
25 guidelines differently from what is in the Plea Agreement, from

7

what you've discussed with your attorney, that fact would not give you the right to withdraw or change your plea of guilty. Do you understand that?

MS. BROWN: Yes.

THE COURT: Once the District Judge establishes the advisory guideline range, in some circumstances, you could be sentenced above that range and, in other circumstances, below that range. And again, the judge's decision, if you disagreed, would not give you the right to withdraw your plea of guilty. Do you understand that?

MS. BROWN: Yes, sir.

THE COURT: Now, Ms. Brown, you have a right to a trial by jury with all the protections that I explained to you at the beginning of these proceedings. Do you understand your right to a trial by jury?

MS. BROWN: Yes.

THE COURT: And do you understand that if the court accepts your plea of guilty that there won't be a trial?

MS. BROWN: Yes.

THE COURT: Now, I'm going to ask you about the offense charged in Count One the Superseding Indictment in this case. I would remind you that you are under oath. You must answer truthfully. Any false answers could result in charges of false swearing or perjury. You always have the right to remain silent. And I want to refer you to your Plea Bargain Agreement,

specifically on page 2, Paragraph 3 or Section 3, which is entitled in bold **Factual Basis for Guilty Plea**. That then continues throughout the remainder of page 2, Paragraph 3 or Section 3. Have you read Paragraph 3 and gone over it with your attorney?

MS. BROWN: Yes.

THE COURT: And are the statements contained in Section 3 true?

MS. BROWN: Yes.

THE COURT: Mr. Hayes, you've had access to the Government's discovery file in this case, have you not?

MR. HAYES: I have, Your Honor.

THE COURT: And based upon your review of the discovery file, are you satisfied if put to proof, that the United States could make a submissible case as to all the elements pertaining to Count One of the Superseding Indictment as set out in Section 3 of the Plea Agreement?

MR. HAYES: Yes, Your Honor.

THE COURT: There is an adequate factual basis for the plea of guilty to Count One of the Superseding Indictment. I find that the plea is voluntary and did not result from force, threats or promises other than those set forth in the Plea Agreement and the supplement to that agreement. Ms. Brown, you are represented in this case by Mr. Hayes. Have you had enough time to talk with him about your case?

1    MS. BROWN:  Yes.

2    THE COURT:  And are you satisfied with the advice that
3 he's given you?

4    MS. BROWN:  Yes.

5    THE COURT:  The law requires me to ask you if this
6 morning you are on any medication prescribed by a physician or
7 any drugs or alcohol of any kind which would affect your ability
8 to understand these proceedings?

9    MS. BROWN:  No.

10   THE COURT:  The Plea Bargain Agreement that you've
11 signed contains what we refer to as an appeal waiver.  And I'd
12 like to direct your attention to Paragraph 15 or Section 15 that
13 begins -- or it's on page 9 of your Plea Bargain Agreement.
14 Section 15 or Paragraph 15 is entitled in bold **Waiver of**
15 **Appellate and Post-Conviction Rights**.  Have you read Paragraph 15
16 and gone over it with your attorney?

17   MS. BROWN:  Yes.

18   THE COURT:  And do you understand that by signing this
19 Plea Agreement that you've given up those rights to appeal as set
20 forth in Paragraph 15?

21   MS. BROWN:  Yes.

22   THE COURT:  Understanding that and the other matters
23 that we've discussed this morning, is it your desire for the
24 Court to accept the plea of guilty?

25   MS. BROWN:  Yes.

1   THE COURT: Ms. Larison, on behalf of the United States,
2   do you have any other record under Rule 11 that you think I need
3   to make?
4   MS. LARISON: No, Your Honor.
5   THE COURT: Mr. Hayes, on behalf of the defendant, do
6   you have any other record under Rule 11 that you think I need to
7   make?
8   MR. HAYES: No, Your Honor.
9   THE COURT: I will recommend the plea of guilty be
10  accepted and I will order a Presentence Investigation to be
11  conducted by the Probation Office. Now, the Court has been made
12  aware that -- and Ms. Larison, you may be able to address this --
13  but pursuant to the Plea Agreement, it is my understanding that
14  the defendant is agreeing to go into custody at this time.
15  MS. LARISON: That is correct, Your Honor.
16  THE COURT: And I will state for the record, Ms. Brown,
17  I am in receipt of a report from Pretrial Services and I just
18  want the record to be clear on this. Although I note that there
19  were some violations of your bond that were noted in this report,
20  the recommendation from Pretrial Services was that you would
21  continue with your outpatient substance abuse treatment and sweat
22  patch testing. And the only reason I say that is that I want the
23  record to be clear that I am not revoking your bond for any
24  violations or misconduct. The Pretrial Services Officer
25  recommended that you be continued but that pursuant to your Plea

1 Agreement, you are agreeing to go into custody at this time.  And
2 I think that because the record should reflect that, that should
3 prevent you from when you're classified by the Bureau of Prisons,
4 it won't reflect that you had your bond revoked for misconduct.
5 And so the record should so reflect.  Is there anything further
6 from either side?
7       MS. LARISON:  No, Your Honor.
8       MR. HAYES:  No, Your Honor.
9       THE COURT:  Ms. Brown, good luck to you.  With that,
10 we'll be in recess.  And the defendant will be remanded to the
11 custody of the marshals.  Thank you.
12       (Court Adjourned at 10:50 a.m.)

12

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker        January 13, 2017
  Signature of transcriber              Date